## Supreme Court—General Term—First Department.

### *March,* 1885.

## PEOPLE *v.* RUNGE.

LOTTERY.—PENAL CODE, § 325.—CONFESSION OF DEFENDANT.—
CODE CRIM. PROC. § 395.—EVIDENCE.

The object of sections 323 and 325 of the Penal Code is to prevent every-
thing in the way of a lottery, raffle or gift enterprise, or kindred
project, by whatever name it may be known, whether for children
or adults, or designed for any particular season of the year, and
however innocent in character and effect it may be assumed to be by
its contriver.

Accordingly, where it appeared that the defendants, being wholesale
confectioners, sold to one of the witnesses for the prosecution, a
compartment box accompanied by one hundred and fifty pieces of
chewing gum, each piece being numbered, and, according to the
description given by the defendants to the purchaser at the time of
the sale, intended to be sold to children for a penny a piece, each
one of which drew a prize, contained in said box, consisting of an
egg, small or large, according to the number, the whole seeming to
form an Easter device. And it further appearing that one of the
defendants admitted, at the time, that they had bought the gum, and
manufactured and arranged the box themselves, and that they had
made large sales thereof; the contrivance so purchased by the witness
being exhibited to the jury.—*Held,* sufficient evidence to support an
indictment under the above section, for contriving and assisting in
contriving a lottery; that the additional proof that the offense was
committed, other than defendant's confession, required by section
395, was to be found in the said purchase and the production of the
contrivance before the jury; also that the indictment was supported,
though it appeared that the purchase by the witness for the people,
was made only for the purpose of proving the offense, and with no
intention of using the contrivance as a lottery; and that in any event,
the evidence was sufficient to support the indictment for assisting
in contriving a lottery.

APPEAL from a judgment of conviction of the court of Gen-
eral Sessions of the city and county of New York.

The defendants being wholesale confectioners in New York city, on March 11, 1884, were indicted in the General Sessions, as follows :—" The grand jury of the city and county of New York, by this indictment, accuse Charles F. Runge and Charles Grimm of the crime of contriving a lottery committed as follows : The said Charles F. Runge and Charles Grimm, late of the city and county of New York, on the 28th day of February, in the year of our Lord 1884, at the city and county aforesaid, unlawfully did contrive and assist in contriving a certain lottery, the same being a scheme for the distribution of property, to wit, divers articles of value (of a number and description to the grand jury aforesaid unknown), by chance among persons who had paid or agreed to pay a valuable consideration for such chance (a more particular description of which said lottery is to the grand jury aforesaid unknown, and cannot now be given) against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

Afterwards, to wit, on the 28th day of March, 1884, the said indictment came on for trial before Hon. Henry A. Gildersleeve, judge of said court, and a jury, who found the defendants guilty of the misdemeanor charged, whereupon they were sentenced by the court to pay a fine of $25, each.

After the evidence for the prosecution was in, and again at the close of the case, the defendants moved to direct an acquittal on the grounds considered in the opinion, which motions were denied.

*William F. Howe*, for the defendants, appellants.

*Peter B. Olney*, district attorney, for the people, respondent.

Brady, J.—The defendants were indicted in the court of General Sessions of this city for the offense of contriving a lottery in violation of the provisions of section 325 of the Penal Code. By the section mentioned, a person who contrives, proposes or draws a lottery, or assists in contriving, proposing or drawing the same is punishable by fine or inprisonment or by both.

By section 323 of the Code a lottery is declared to be a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether called lottery, raffle or gift enterprise, or by some other name.

The defendants sold what seems to be a compartment box accompanied by 150 pieces of chewing gum, each piece being numbered. The chewing gum, according to the description given of it by the defendants to the purchaser, was to be sold to children for a penny a piece each one of which drew a prize, consisting of an egg small or large according to the number upon the chewing gum. It seems to have been an Easter device. Grimm, one of the appellants, stated to the purchaser that they sold a great many of the packages and that the boys on the street had run after him very hard until he had filled up his box with prizes.

It is to be inferred from this evidence, that the scheme, whatever it may be designated, was popular, and calculated to have an extensive application. The evidence for the people, therefore, presents not only the facts that the scheme or contrivance was sold by the defendants and that they admitted the sales of many of them, but the contrivance itself was exhibited to the jury. It is insisted by the counsel for the appellants, that notwithstanding this evidence, the case for the prosecution rested upon the confession of the defendants on which a conviction under the Code could not be had (see § 395), unless there was additional proof that the offense was committed. The additional proof was furnished in the purchase already mentioned and in the production of the article so purchased. This is deemed to be a sufficient answer to that objection.

The learned counsel for the appellants also insists that this was not a lottery, because no evidence was given showing that any person paid or agreed to pay anything for a chance. And this proposition rests upon the fact that Mr. Comstock, a witness for the people, bought the box and gum, not for the purpose of distribution, but for the purpose of establishing the fact that sales of the article were made by the defendants, and on the supposition that such acts made them amenable to section 325 already mentioned. It is certainly not necessary un-

der that section to show, when a person is indicted for contriving a lottery, that any person paid or agreed to pay anything for any chance for which the lottery provides. It is the contrivance of a lottery for which the defendants were indicted and of which they were convicted, the design of which was to distribute by chance, among the persons who paid for the chance, the property described. In other words, to sell a piece of chewing gum for a penny which secured a chance to draw a prize in value according to the number upon it.

If the defendants had been indicted alone for contriving, it might be doubtful under the evidence whether a conviction could be sustained on the indictment. But it is not only that they contrived, but assisted in contriving a certain lottery, and the proof of that fact was furnished by the defendant Grimm, who admitted that he manufactured and arranged the box with the numbers, and bought the gum from another manufacturing company. That is sufficient to bring him within the charge in the indictment, that he assisted in contriving the scheme which he sold. The object of the statute was to prevent everything in the way of a lottery, raffle or gift enterprise or kindred subject, by whatever name it might be known, whether it was for children or adults or designed for any particular season of the year, and however innocent it might be assumed to be in character and in effect by the contriver.

The charge was clear, comprehensive and decidedly impartial. No element favorable to the appellants was omitted —indeed no exception was taken to it—and no request made to add to it or change it in any respect. No error has been discovered in the examination of the case therefore, which calls for a reversal of the conviction, and it becomes our duty in the enforcement of the statute upon which the prosecution rested to affirm the judgment. Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concur.